Scott W. Hyder, AZ Bar No. 017282
**LAW OFFICE OF SCOTT W. HYDER, PLC**
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona  85028
Phone:  (602) 923-7370
Fax:  (602) 795-6010
E-mail:  shyder@scotthyderlaw.com
Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREYSTONE HOUSING FOUNDATION, INC., a California Non-Profit 501(c)(3) Corporation,<br><br>Plaintiff<br><br>v.<br><br>FANTASY HOLDINGS, LLC, an Arizona limited liability company; NARONGYOS SANTADSIN, an individual,<br><br>Defendants | Case No. 3:16-cv-00300-AJB-DHB<br><br>Assigned to:  Hon. Anthony J. Battaglia<br><br>**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION AND ALTERNATIVE MOTION TO TRANSFER VENUE**<br><br>**Hearing Date:  June 6, 2016 at 2:00 p.m. in Courtroom 3B – 3rd Floor**<br><br>Complaint Filed:  February 5, 2016 |

On March 10, 2016, Defendants FANTASY HOLDINGS, LLC ("**Defendant Fantasy Holdings**") and NARONGYOS SANTADSIN ("**Defendant Santadsin**") filed their Motion to Dismiss For Improper Venue and Lack of Personal Jurisdiction over Defendants and Alternative Motion to Transfer Venue (the "**Motion**").  On May 8, 2016, Plaintiff filed its Opposition to the Motion (the "**Response**").  Defendants respectfully submit this Reply to the Response.

**A. This Court has no general personal jurisdiction simply because Defendant Fantasy Holdings owns two domain names licensed and used to a subsidiary distribution company.**

Plaintiff primarily argues that because Defendant Fantasy Holdings was awarded two (2) domain names in an arbitration from 2012[1], Defendants' ownership of such domain names is enough to establish "substantial contacts" to show that California has personal jurisdiction in this case. This analysis is relevant to whether California has <u>general</u> jurisdiction over Defendants, as general jurisdiction does not depend on the relationship between the cause of action in this case and Defendants' contacts with the forum state.

As Plaintiff correctly states in its Response, Defendant Fantasy Holdings is only a holding company. A holding company exists for the purpose of owning property such as real estate, patents, trademarks, stocks and other assets. A holding company's operations consist of overseeing the companies it controls and the use and licensing of the holding company's assets. Subsidiary companies and their managers are responsible for their own operations; the holding company is not.

In this case, Defendant Fantasy Holdings is a holding company and owns: (a) the patent and trademark "Leluv"; and (b) the domain names leluv.com and leluv.net.[2] *See Santadsin Supplemental Declaration* attached hereto as <u>Exhibit "1"</u> at ¶ 1. <u>At no time has Defendant Fantasy Holdings used such domain names or operated or conducted any sales or business in any state, via the internet or otherwise</u>. *Id.* at ¶ 2. It is a holding company, plain and simple. Instead, Mitch Distributing LLC, a subsidiary, has licensed

---

[1] As the arbitration decision attached as an exhibit to the Response explains, the arbitration involved a former employee who wrongfully registered leluv.com and leluv.net, even though Defendant Fantasy Holdings had previously obtained a patent and trademark for "Leluv" in 2010. The arbitration decision awarded Defendant Fantasy Holdings sole ownership of the domain names.

[2] Leluv.net has never been operational, and a visit to the website shows the same. *See Santadsin Supplemental Declaration* attached hereto as <u>Exhibit "1"</u> at ¶ 4.

and used leluv.com as part of its distribution business since 2010. *Id.* at ¶ 3. This is evidenced by a 2010 licensing agreement attached hereto as Exhibit "2". Additionally, the bottom of each page of the website www.levlu.com also shows that it is operated by Mitch Distributing, as evidenced by the website printout attached hereto as Exhibit "3". Although Mitch Distributing LLC is a company that conducts internet sales via leluv.com, it is not named in and has nothing to do with this lawsuit.

It appears that Plaintiff is trying to argue that this Court has general jurisdiction because another subsidiary, which is not named as a party to this lawsuit, uses a domain name owned by Defendant Fantasy Holdings, even though neither holding company Defendant Fantasy Holdings nor its manager Defendant Santadsin conducts any business whatsoever over the internet. The fact that Defendant Fantasy Holdings owns a domain name that is used by a separate distribution company not part of this lawsuit does not mean that these Defendants have substantial contacts with the State of California to establish general jurisdiction.

Furthermore, Defendant Santadsin has only acted in his official duties as a manager of Defendant Fantasy Holdings. *Id.* at ¶ 5. This is not enough to constitute sufficient contact with California to subject him to general jurisdiction of this Court. *See Forsythe v. Overmyer*, 576 F.2d 779, 783 – 784 (9th Cir. 1978) ("[A] corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum."); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1329 (9th Cir. 1984) (holding that the president of a California corporation, who also resided in California, was not subject to the personal jurisdiction of an Arizona district court; the individual's activities in Arizona, including solicitation of a distributorship agreement, visiting Tucson a number of times, and sending many letters and faxes and making numerous telephone calls to Tucson were more occasional than continuous, and more infrequent than systematic, and fail to demonstrate sufficient activity in Arizona to support general jurisdiction).

1       Likewise, Defendant Fantasy Holdings is a holding company and a distinct legal
2 entity separate from any other entity.  <u>This too is not enough to constitute sufficient
3 contact with California to subject Defendant Fantasy Holdings to the general jurisdiction
4 of this Court</u>.  *See Helm v. Alderwoods Group Inc.*, 696 F. Supp. 2d 1057, 1068 (N.D.
5 Cal. 2009) (evidence was insufficient to establish that holding company had continuous
6 and systematic contacts with California to subject holding company to general personal
7 jurisdiction in such forum, even though holding company initiated nine lawsuits in
8 California, was a debtor in California, had a federal identification numbers listing
9 California addresses, owned less than $1,000 in unclaimed property in California and had
10 board of director meetings in California; such limited contacts are not "of the sort that
11 approximate physical presence" in California); *MMI Inc. v. Baja Inc.*, 743 F. Supp. 2d
12 1101, 1109 – 1110 (D. Ariz. 2010) (holding that contacts that ruralking.com, a licensee
13 subsidiary of a parent holding company, had with Arizona could not be imputed to the
14 non-resident holding company, even though such holding company had common address
15 and ownership with subsidiary; holding company merely licensed its trade name and
16 service mark to subsidiary); *Epps v. Stewart Information Services Corp.*, 327 F.3d 642,
17 650 (8th Cir. 2003) (a holding company's ownership of a subsidiary is not present in a
18 state merely because the subsidiary does business there, even though subsidiary's website
19 is directly connected to the parent company).

20       As such, this Court does not have general personal jurisdiction simply because:  (a)
21 Defendant Fantasy Holdings, merely a holding company, owns a domain name that is
22 licensed and used by a separate subsidiary; and (b) Defendant Santadsin is merely a
23 manager of Defendant Fantasy Holdings acting in his official duties as a manager.  The
24 law says otherwise.

### B. Defendants named in an unrelated lawsuit in another jurisdiction whereby no service of process occurred, no appearance made, and no answer filed has no bearing on the question of personal jurisdiction in this case.

Plaintiff also argues that it is "disingenuous" for the Defendants to contest jurisdiction in this case because Defendants (along with many other defendants) were named in an unrelated complaint filed in the Western District of Texas (the "**Texas Lawsuit**"). Under Plaintiff's logic, a defendant is effectively deemed to have waived its right to dismiss any lawsuit for lack of personal jurisdiction anytime that same defendant was previously sued in any court in an unrelated case without objecting to personal jurisdiction. This is nonsensical, and plaintiff cites no authority for such proposition. In fact, courts have held that even when a party has previously been a *plaintiff* in multiple other lawsuits filed in the forum state, such previous filings do not mean that the party has admitted or consented to being a defendant in such same jurisdiction for future lawsuits. *See Helm*, 696 F. Supp. 2d at 1068 (evidence was insufficient to establish that holding company had continuous and systematic contacts with California, even though holding company initiated nine earlier lawsuits in California).

In fact, no defendant (including Defendants) was served with the complaint, filed any answer, or otherwise made any appearance in the Texas Lawsuit. *See Motion to Dismiss* attached hereto as Exhibit "4". The plaintiff in the Texas Lawsuit simply filed a motion to dismiss once a quick and no-cost resolution was reached between the parties. *Id*. Because none of the defendants in the Texas Lawsuit were served, filed an answer or otherwise made an appearance, no defendants even had to consent to the aforementioned Motion to Dismiss. *Id.* The Texas Lawsuit is irrelevant to the question on whether this Court has personal jurisdiction over these Defendants in this case.

5

**C. The Plaintiff's incorporation in California, as well as Plaintiff unilaterally directing Defendants to mail payments to a California address, is not enough to show that Defendants personally availed themselves of conducting business in California to establish specific jurisdiction.**

Plaintiff briefly mentions that this Court has specific jurisdiction over Defendants because Plaintiff is incorporated in California and Defendant Fantasy Holdings previously mailed payments to a third-party who is not even part of this lawsuit with a California address. These two facts <u>are the only connections</u> Defendants have with the State of California. To recap from the Motion, when the causes of action set forth in the complaint arise out of or is related to nonresident defendant's contacts with forum state, exercise of personal jurisdiction is one of <u>specific</u> jurisdiction. For breach of contract cases, the question becomes whether: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001).

As stated in the Motion, it is well settled law that just because a plaintiff is domiciled in the forum state does not mean the out-of-state defendant purposefully availed itself of conducting activities in such forum when it contracted with such plaintiff. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S. Ct. 2174, 2185, 85 L.Ed.2d 528 (1985). Furthermore, the address where a creditor elects payment to be mailed constitutes a voluntary and unilateral act by such creditor: "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Burger King Corp.*, 471 U.S. at 474 – 475, 105 S.Ct. 2174 (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239 – 1240, 2 L.Ed.2d 1283 (1958)). In other words, <u>the requirement that payments are to be mailed to the forum state at an address unilaterally chosen by the creditor is not enough to establish specific jurisdiction</u>. *See also Scullin Steel Co. v. National Ry. Utilization Corp.*,

6

676 F.2d 309, 314 (8th Cir. 1982) ("[t]he use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the "minimum contacts" required by due process"); *Atwal v. Myer*, 841 F. Supp. 2d 364, 367 (D.D.C. 2012) (District of Columbia court lacked personal jurisdiction over nonresident borrower in lender's action to recover money due under promissory note, even if borrower had made payments to lender while lender resided in District of Columbia; borrower had never been domiciled in District of Columbia, borrower's principal place of business had not been in District of Columbia, and lender had not loaned money to borrower within District of Columbia).

In this case, Plaintiff's election for Defendant to mail payments to California addresses was solely a voluntary and unilateral act by Plaintiff insufficient for Defendants to have purposely availed itself to the privilege of conducting business in California to establish specific personal jurisdiction in this case. In fact, Kent Casady subsequently instructed Defendants to cause payments to be made by wire transfer directly to his account in lieu of checks being mailed. *Santadsin Supplemental Declaration* attached hereto as <u>Exhibit "1"</u> at ¶ 6. As such, practically all of the payments made to date in connection with the promissory note were made by wire transfer at the express and unilateral direction of Kent Casady and Plaintiff. *Id.*

### D. **It is not reasonable to subject Defendants to the personal jurisdiction of California.**

Even assuming *arguendo* that Plaintiff has established sufficient contacts to establish a prima facie case of specific personal jurisdiction, such jurisdiction must still be reasonable. To establish reasonableness, the Court must look to:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's

interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000) (citing *Burger King Corp.*, 471 U.S. at 476 – 477, 105 S.Ct. 2174). A court needs to balance all seven factors, as none are dispositive by itself. *Core–Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993).

In this case, (a) Defendants' contacts with California in connection with mailing payments to a California address and Plaintiff being domiciled in California are extremely tenuous as argued *supra* so as not to constitute purposeful interjection into California; (b) Defendants travel and legal costs, including paying for witnesses to travel to California to testify, would be extremely burdensome (*Santadsin Declaration (attached as Exhibit "1" to the Motion)* at ¶¶ 19 – 20); (c) there is no substantial interest to adjudicate Plaintiff's alleged causes of action in California as opposed to another forum; (d) Arizona is another convenient forum with personal jurisdiction over all parties to this action; (e) all witnesses to testify in this case reside in Arizona, as Plaintiff was never even involved in the negotiations (*Id.*); and (f) it would be more convenient to adjudicate this case in Arizona for all parties, as Plaintiff's potential relief will require it to domesticate any judgment it may obtain pursuant to *28 U.S.C. § 1965* because all of Defendants' assets are located in Arizona (*Santadsin Supplemental Declaration* (<u>Exhibit "1"</u> attached hereto) at ¶ 7).

### E. **Plaintiff fails to dispute several material facts and legal arguments.**

The most telling aspect of the Response are the facts and legal arguments that Plaintiff fails to even address. First and foremost, Plaintiff does not dispute that Defendant Santadsin resides in Phoenix, Arizona and has no place of residence in California. *Santadsin Declaration (attached as Exhibit "1" to the Motion)* at ¶ 2. This alone is enough to dismiss the case or transfer it to Arizona for lack of venue and personal

jurisdiction. Furthermore, <u>no affidavits, declarations, or other evidence were submitted with the Response</u> to refute that: (1) all negotiations and dealings in connection with the promissory note occurred in Phoenix, Arizona between Defendants, Taylor Coleman (who works for Defendant Fantasy Holdings) and Mr. and Mrs. Casady, who are not parties to this lawsuit (*Id.* at ¶¶ 11 – 12); (2) there were never any contacts between Plaintiff as part of the negotiations of the promissory note (*Id.* at ¶ 11); (3) no payment has ever been made to Plaintiff in connection with the promissory note (*Id.* at ¶ 16); and (4) no individual on behalf of Plaintiff ever told Defendants verbally or in writing that any dispute in connection with the promissory note would be subject to California law or a lawsuit in a California court (*Id.* at ¶¶ 17 – 18). Nothing in the promissory note even mandates which forum a lawsuit should be brought in (*see Promissory Note (attached as Exhibit "2" to the Motion)*).

      Plaintiff also does not contest that the money loaned did not originally come from Plaintiff. As stated in the Motion, Mr. Casady, not Plaintiff, funded all monies in connection with the promissory note. Plaintiff was merely "plugged in" as the holder of the note to assist Mr. Casady with tax savings by first donating the funds to a 501(c) non-profit foundation. *See Santadsin Declaration (attached as Exhibit "1" to the Motion)* at ¶ 7. There is simply no sufficient evidence that Defendants' availed themselves of the privilege of conducting activities in California to establish specific jurisdiction in this Court.

      Finally, Plaintiff fails to address Defendants' alternative requested remedy of transferring this case to Arizona pursuant to *28 U.S.C. § 1404(a)*. As stated in the Motion, (a) venue and personal jurisdiction is proper in the District of Arizona, as both Defendants reside in Arizona and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Arizona; (b) all of Defendants' witnesses are residents in Phoenix, Arizona, and such witnesses could not be subpoenaed pursuant to *Fed. R. Civ. P. 45(c)(1)(A)* because they live further than 100 miles from the Southern District of

California; (c) as argued substantially in the Motion and in this Reply, all of the events and omissions at issue occurred in Arizona; (d) all of the evidence is located in or around Phoenix, Arizona; and (e) Defendants cannot afford counsel in California or the travel costs to attend hearings and a trial in California.  <u>Plaintiff does not contradict any of this with any affidavits, declarations or other evidence</u>.

## CONCLUSION

Plaintiff has simply not established a prima facie case to establish that the Southern District of California is the proper venue and that this Court has personal jurisdiction over both Defendants.  Defendants' Response provides no evidence other than showing that Defendant Fantasy Holdings previously owned two domain names (one which is inactive) that were subsequently licensed, owned, and used by other entities.  The only connections Defendants have to California in this case are simply that:  (a) Plaintiff is domiciled in California; and (b) Plaintiff unilaterally required payments to be mailed to an California address belong to a third-party individual that is not party of this lawsuit.  This is not enough.  Defendants' connection with California is tenuous at best.  As such, Defendants respectfully request that the relief as set forth in the Motion be granted.

**RESPECTFULLY SUBMITTED** this 16th day of May, 2016.

**LAW OFFICE OF SCOTT W. HYDER, PLC**

By: <u>/s/ Scott W. Hyder, AZ Bar No. 017282</u>
　　　Scott W. Hyder
　　　Attorney for Defendants Fantasy Holdings
　　　LLC and Narongyos Santadsin
　　　E-mail:  shyder@scotthyderlaw.com

I hereby certify that the foregoing was filed with the Clerk of the Court this 16th day of May 2016 via ECF and that a copy of the foregoing will be placed in the U.S. Mail on the 17th day of May, postage pre-paid and addressed as follows:

Keefe E. Roberts, Esq.
Keenan E. McClenahan, Esq.
Keefe Roberts & Associates
6 Venture, Suite 305
Irvine, California  92618
Attorneys for Plaintiff

/s/ Scott W. Hyder

## List of Exhibits to this Reply

Exhibit "1"  -  Supplemental Declaration of Apollo Santadsin
Exhibit "2"  -  Licensing Agreement Between Defendant Fantasy Holdings and Distribution Subsidiaries
Exhibit "3"  -  Printout of Website Operated by Distribution Subsidiary
Exhibit "4"  -  Motion to Dismiss Texas Lawsuit