UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREYSTONE HOUSING FOUNDATION, INC., a California non-profit 501(c)(3) corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>FANTASY HOLDINGS, LLC, an Arizona limited liability company; NARONGYOS SANTADSIN, an individual; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No.:  16-CV-0300-AJB-DHB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE COURT'S ORDER DISMISSING CASE WITH PREJUDICE AND PERMITTING LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. No. 18) |

Presently before the Court is Greystone Housing Foundation, Inc.'s ("Greystone") motion to set aside the Court's order and clerk's judgment dismissing this case with prejudice and reinstating case with leave to file first amended complaint. (Doc. No. 18.) Defendants Fantasy Holdings, LLC and Narongyos Santadsin (collectively, "Defendants") oppose the motion. (Doc. No. 20.) Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers without oral argument. Accordingly, the hearing currently set for ***January 19, 2017, at 2:00 p.m. in Courtroom 3B*** is hereby **VACATED**.

For the reasons set forth below, the Court **GRANTS** Greystone's motion.

## BACKGROUND

This dispute arises from Defendants' alleged failure to repay monies borrowed pursuant to a promissory note that named Greystone as the payee.[1] Greystone instituted this action by filing the operative—and only—complaint on February 5, 2016. (Doc. No. 1.) Defendants successfully moved to dismiss the complaint on March 10, 2016, for lack of personal jurisdiction. (Doc. Nos. 5, 15.) In its order granting Defendants' motion, the Court ordered Greystone to file an amended complaint within twenty-one days of that order's issuance—in other words, by June 9, 2016. (Doc. No. 15 at 11.) The Court warned that failure to do so would result in dismissal of this action with prejudice. (*Id.*) Greystone having failed to amend the complaint, the Court followed through and dismissed this action with prejudice on October 3, 2016. (Doc. No. 16.)

Greystone filed the instant motion on October 7, 2016, asking the Court to set aside its order dismissing this action with prejudice and permitting it an opportunity to amend the complaint. (Doc. No. 18.) Defendants filed an opposition, (Doc. No. 20), and Greystone replied, (Doc. No. 21). This order follows.

## LEGAL STANDARD

Once the Court has issued an order or entered judgment, reconsideration may be sought by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Reconsideration may be based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment being void; (5) the judgment having been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

//

---

[1] In its order granting Defendants' motion to dismiss for lack of personal jurisdiction, the Court summarized the case's factual background. (Doc. No. 15.) The Court assumes familiarity with that order and will accordingly recite here only those facts necessary to understand the case's current posture as it relates to the instant motion.

# DISCUSSION

Greystone asks the Court to set aside its judgment dismissing this action with prejudice pursuant to Rule 60(b)(1). (Doc. No. 18.) Rule 60(b)(1) provides that a court may relieve a party or its legal representative from a final judgment for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). Defendants argue that Greystone's failure to timely file an amended complaint was due to ordinary negligence, not excusable neglect under Rule 60(b)(1).[2] (Doc. No. 20 at 6.)

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, the Supreme Court interpreted "neglect" to encompass "faultless omissions to act and, more commonly, omissions caused by carelessness." 507 U.S. 380, 388 (1993). "'[E]xcusable neglect' covers negligence on the part of counsel." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). In assessing whether a set-aside is justified by a party's or counsel's excusable neglect, courts apply a four-part test: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1223–24 (citing *Pioneer*, 507 U.S. at 395).

### A.     Whether Defendants Would be Prejudiced by a Set-Aside

To be prejudicial, "[t]he standard is whether [Defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The Court should consider whether "the delay [has] result[ed] in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion[.]" *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

---

[2] The Court notes that the legal authority upon which Defendants rely all predate the Supreme Court's decision in *Pioneer* and the Ninth Circuit's decision in *Bateman*. (Doc. No. 20 at 6.)

Greystone asserts setting aside the judgment will not prejudice Defendants because reinstituting this action will result in no delay in this case ultimately getting to trial. (Doc. No. 18-1 at 11.) In opposition, Defendants argue they would suffer prejudice from having to litigate the case from Arizona. (Doc. No. 20 at 10.) In other words, granting Rule 60(b) relief would require Defendants to defend against this lawsuit. However, the loss of a "quick victory" is not prejudice. *Bateman*, 231 F.3d at 1225; *see TCI Grp. Life Ins. Plan*, 244 F.3d at 701 ("delaying resolution of the case" is not prejudice). The delay has not resulted in the loss of evidence or increased difficulties of discovery. Defendants may still assert their proffered defenses. (*See* Doc. No. 20 at 10.) *See also TCI Grp. Life Ins. Plan*, 244 F.3d at 701 ("the standard is whether [defendant's] ability to pursue his claim will be hindered" (quoting *Falk*, 739 F.2d at 463)). Accordingly, this factor strongly favors Greystone.

## B. Timing of the Motion

"A motion under Rule 60(b) must be made within a reasonable time—and for [mistake, inadvertence, surprise, or excusable neglect,] no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, Greystone's motion is timely and the length of delay negligible. Greystone filed the instant motion days after the Court's October 3, 2016, order and only months after the missed filing deadline. *See Bateman*, 231 F.3d at 1225 (finding length of delay "minimal" where party's counsel "wrote to the court twelve days after it granted summary judgment [as unopposed] and filed his Rule 60(b)(1) motion a little more than one month after the court denied his request to rescind the judgment"). This case is still in the early stages of litigation, with no discovery having been conducted and a trial date not yet set. *Id.* ("discovery had only closed . . . , and there is no evidence that the trial would have been postponed for an inordinate amount of time"). This factor also strongly favors Greystone.

## C. The Reason for Delay

The third *Pioneer* factor requires an assessment of the reasons given for neglect. Clients are accountable for the acts and omissions of their chosen counsel and the Court

must determine whether the neglect of Greystone and its counsel was excusable. *Pioneer*, 507 U.S. at 397. In *Pioneer*, the Supreme Court interpreted Congress' intent as to permit courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. As such, delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

Greystone's given reasons for failing to timely file an amended complaint include its former counsel's multiple personal hardships, including the total collapse of his law firm, the loss of his entire legal staff, eviction from his professional law offices, an onslaught of personal issues including serious family and marital problems, as well as his own serious physical and mental issues. (Doc. No. 18-1 at 11–12; *see* Doc. No. 18-3.) In opposition, Defendant argues that former counsel's failure to follow court orders and deadlines due to health and personal issues is simple negligence that does not give rise to Rule 60(b) relief. (Doc. No. 20 at 5–9.)

Greystone's reason for failing to timely amend the complaint is admittedly weak. Former counsel, as an attorney, had the responsibility to follow court orders and arrange for substitute counsel when it became necessary. Nonetheless, the Court does not find this to be a case where counsel "freely ignor[ed] court-ordered deadlines in the hopes of winning a permissive reprieve[.]" *Pioneer,* 507 U.S. at 395. Furthermore, former counsel's excuse is on par with, if not stronger than, that presented in *Bateman* where counsel failed to oppose a summary judgment motion because he was out of the country due to a family emergency and then took several days to recover from jet lag and sorting through the mail that accumulated during his absence. 231 F.3d at 1222–23. While the Ninth Circuit also characterized the excuse as weak, it ultimately reversed and remanded to the district court with instructions to grant the Rule 60(b)(1) motion. *Id.* at 1225. Based on *Bateman*, the Court will not deny Greystone's motion solely due to its former attorney's negligence and carelessness.

//

### D. Whether Greystone Acted in Bad Faith

The last *Pioneer* factor examines whether Greystone acted in bad faith in failing to timely amend the complaint. "[I]f a [plaintiff's] conduct was not 'culpable,' then [its] failure to [amend a complaint] is ordinarily 'excusable,' and in the interests of substantial justice the better course may well be to vacate the [] judgment and decide the case on the merits." *TCI Grp. Life Ins. Plan,* 244 F.3d at 696. A party's conduct is "culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id.* at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)) (emphasis in original). "[T]he term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Grp. Life Ins. Plan*, 244 F.3d at 697). Thus, culpability involves more than a party's "nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings . . . ." *TCI Grp. Life Ins. Plan*, 244 F.3d at 698 (quoting *Gregorian v. Izvesta*, 871 F.2d 1515, 1525 (9th Cir. 1989)). A district court should consider a "bevy of equitable considerations" when assessing culpability. *Id.* at 697.

Here, Greystone avers its failure to timely amend the complaint resulted from a series of unfortunate and unexpected personal circumstances that befell its former counsel. (Doc. No. 18-1 at 11–12; *see* Doc. No. 18-3.) In opposition, Defendants contend that Greystone's decision to file this lawsuit in California was to gain a strategic advantage and leverage over Defendants. (Doc. No. 20 at 10–11.) Notably, Defendants offer no argument as to whether Greystone's failure to amend the complaint in a timely manner was motivated by bad faith.

In light of the applicable legal principles, the Court finds Greystone's failure to timely amend the complaint excusable. Culpable conduct requires more than knowledge of

a deadline and a conscious choice not to meet it. *See Mesle,* 615 F.3d at 1092. Rather, conduct is culpable only where the explanation is consistent with a devious, deliberate, willful, or bad faith failure to respond. *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007) (quoting *TCI Grp. Life Ins. Plan*, 244 F.3d at 698). Here, there is no evidence that Greystone failed to timely amend the complaint in bad faith. Rather, the declarations Greystone provided support the contrary conclusion, namely, that Greystone's former counsel was prevented from doing so by his personal and professional issues. (*See* Doc. Nos. 18-3, 18-4.) In light of the foregoing, the Court finds Greystone's failure to amend the complaint was not done in bad faith or willful delay aimed at manipulating the legal process. *See TCI Grp. Life Ins. Plan*, 244 F.3d at 698. Nor can a contrary conclusion be found. "The only outcome that [Greystone's] failure could have earned [it] was what [it] received: a default and a heightened possibility of the loss of [its] property, which [is allegedly] already in the hands of [Defendants] and which [Greystone] ha[s] no hopes of reacquiring except through engaging in the legal process." *Mesle*, 615 F.3d at 1093–94. This factor favors Greystone.[3]

---

[3] The Court acknowledges a line of cases that permits the application of a more stringent standard where the defaulting party is legally sophisticated. Under this standard, a legally sophisticated party may be deemed culpable upon a showing that it "received actual or constructive notice of the filing of the action and failed to answer[.]" *Mesle*, 615 F.3d at 1093. "When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.*; *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) ("Here, it is apparent that Eclat, through its president, Mr. Bujkovsky, had actual notice of the summons and complaint . . . . Mr. Bujkovsky, as a lawyer, presumably was well aware of the dangers of ignoring service of process. For these reasons, we do not believe that the district court abused its discretion by refusing to vacate the default judgment.")

Assuming without deciding that Greystone is a legally sophisticated party, the Court finds assuming culpability based on this status is not warranted for the reasons set forth in this order. *See Mesle*, 615 F.3d at 1093 ("When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions *may* be assumed, and with it, intentionality.") (emphasis added)); *TCI Grp. Life Ins. Plan*, 244 F.3d

## CONCLUSION

After a careful weighing of the *Pioneer* factors, the Court finds that Greystone's neglect was excusable within the meaning of Rule 60(b)(1). While Greystone's reason for failing to timely file an amended complaint is weak, the other three factors favor granting Rule 60(b) relief. In other words, this is an inappropriate case for the drastic step that is judgment by default. The Court therefore **GRANTS** Greystone's motion. (Doc. No. 18.) Greystone is **ORDERED** to file its proffered first amended complaint, (*id.* at 5–15), no later than *__seven days from this order's issuance__*. Failure to do so will result in dismissal of this case with prejudice.[4]

**IT IS SO ORDERED.**

Dated: November 30, 2016

Hon. Anthony J. Battaglia
United States District Judge

---

at 699 n.6 ("We have not held, [] nor do we hold here, that legal sophistication or lack thereof is determinative of whether the culpability standard is met."); *see also Ross v. Kipperman*, No. 14cv2236 JAH (JMA), 2015 WL 4546968, at *5 (S.D. Cal. July 28, 2015) ("[I]f Kipperman is, as Ross contends, a sophisticated litigant, a Court may assume culpability based solely on his default. However, the Court finds that such an assumption is not warranted here for reasons discussed . . . ."). This conclusion is strengthened by the fact that Rule 60(b) relief is "remedial in nature and [] must be applied liberally" given that judgment by default "is a drastic step appropriate only in extreme circumstances" and contrary to the strong federal policy of deciding cases on the merits. *Falk*, 739 F.2d at 463.

[4] Based on the Court's decision, the Court need not reach Greystone's alternative arguments that Rule 60(b) relief is appropriate under Rule 60(b)(6) or that the dismissal with prejudice was improper under Rule 41(b) and *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).